```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

| | |
|---|---|
| Hong Kong Yu'en E-Commerce Co. Limited,<br><br>      Plaintiff,<br><br>  v.<br><br>The Individuals, Corporations, Limited Liability Companies, Partnerships and Unincorporated Associations Identified in Schedule "A" Hereto,<br><br>      Defendants. | No. 24 C 12483 |

Memorandum Opinion and Order

    Plaintiff filed this suit for trademark infringement against twenty defendants. Like many similar suits in this district, it filed the complaint under seal and moved *ex parte* for a temporary restraining order ("TRO") and asset freeze, so as not to alert the defendants to the action and give them the opportunity to transfer their assets beyond plaintiff's reach. With the TRO in place, plaintiff notified defendants of the action, later moving to convert the TRO to a preliminary injunction, which I granted on January 22, 2025. One of the defendants, Funlingo, has since appeared in the case through counsel and now moves to dissolve the

preliminary injunction and for leave to conduct expedited discovery. For the following reasons, the motion is granted in part and denied in part.

I.

To obtain a preliminary injunction, a party must establish that "it is likely to succeed on the merits, that it has no adequate remedy at law, and that it will suffer irreparable harm in the absence of an injunction." *DM Trans, LLC v. Scott*, 38 F.4th 608, 617 (7th Cir. 2022) (citation omitted). If it does so, the court then "balances the harms to the moving party, other parties, and the public." *Eli Lilly & Co. v. Arla Foods, Inc.*, 893 F.3d 375, 381 (7th Cir. 2018) (citation omitted).

Plaintiff has already secured a preliminary injunction against all defendants, including Funlingo. Funlingo contends that the preliminary injunction should be lifted under Federal Rule of Civil Procedure 65(b)(4), but that provision addresses motions to dissolve temporary restraining orders issued without notice to the adverse party rather than motions to dissolve preliminary injunctions that were issued with notice. Nonetheless, courts' authority to dissolve or modify preliminary injunctions is well established. *See St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 627 (7th Cir. 2007) ("[A]ny injunction issued by a court of equity is itself subject to later modification." (citing *Rufo v. Inmates of Suffolk County Jail*, 502

2

U.S. 367 (1992); additional citation omitted)). Courts in this district consider the same factors for dissolving a preliminary injunction as those applied when granting or denying it in the first place. *See, e.g., Antsy Labs, LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, No. 21 C 3289, 2022 WL 17176498, at *1–2 (N.D. Ill. Nov. 23, 2022). "The court asks whether 'the expected cost of dissolving the injunction--considering the probability that dissolution would be erroneous because the plaintiff really is entitled to injunctive relief, and the consequences of such an error--[is] greater or less than the expected cost of not dissolving the injunction.' 'If greater, the injunction should not be dissolved; if less, it should be.'" *Id.* (quoting *Centurion Reinsurance Co. v. Singer*, 810 F.2d 140, 143 (7th Cir. 1987)).

Plaintiff accuses Funlingo of infringing its "Modlily" trademark. In support of its motion for a temporary restraining order, and later its motion for a preliminary injunction, plaintiff submitted a list of 129 URLs for various Funlingo product postings on Amazon. ECF 8-1 at 13–15. Plaintiff does not argue that "Modlily" appears in the product name or description of these listings, or anywhere on the webpage itself.[1] Instead, plaintiff's

---

[1] Plaintiff submitted evidence of the term "Modlily" appearing on the webpage for most of the other defendants.

3

evidence consists of the appearance of the term "Modlily" in the post-domain paths of the identified URLs.[2]

When the preliminary injunction was issued in this case, Funlingo had not yet appeared (though it had supposedly been served and given notice of the motion for a preliminary injunction), nor did it or any defendant file a brief in opposition. Funlingo's argument now calls into question whether use of a trademarked term in a post-domain path of a URL likely constitutes infringement where that is the only alleged use of the term. Funlingo points to *Interactive Products*, in which the Sixth Circuit held that "[b]ecause post-domain paths do not typically signify source, it is unlikely that the presence of another's trademark in a post-domain path of a URL would ever violate trademark law." 326 F.3d at 698; *see id.* at 696–97 (post-domain paths "merely show[] how the website's data is organized within the host computer's files"). The court contrasted post-domain paths with domain names, which do

---

[2] "Each website has a corresponding domain name." *Interactive Prods. Corp. v. a2z Mobile Off. Sols., Inc.*, 326 F.3d 687, 691 (6th Cir. 2003) (citation omitted). In this case, that is www.amazon.com. The domain name may be followed by a post-domain path. *Id.* To take one example from the list submitted by plaintiff: /Funlingo-Square-Modlily-Coverage-3X-Large/dp/B0C8RZL9Y9?th=1&psc=1. Funlingo argues that the post-domain path can be altered and still lead to the same webpage. For example, it explains that deleting the word "Modlily" from the post-domain paths of all of the referenced URLs does not change the webpages to which those URLs lead. Because as explained below plaintiff fails to offer any meaningful response to Funlingo's arguments, I need not decide whether this particular assertion of Funlingo's is true or material.

signify source and can therefore support a trademark infringement claim. *Id.* at 696.

The view that trademark law only reaches instances where a trademark is used to signify the source of a product has been endorsed by courts in this district. *See, e.g.*, *McDavid Knee Guard, Inc. v. Nike USA, Inc.*, No. 08 CV 6584, 2010 WL 151998, at *2 (N.D. Ill. Jan. 14, 2010) ("'If defendants are only using [plaintiff's] trademark in a "non-trademark" way--that is, in a way that does not identify the source of a product--then trademark and false designation of origin laws do not apply.'" (quoting *Interactive Prods.*, 326 F.3d at 695)). Furthermore, several district courts outside of this district have agreed with the Sixth Circuit's specific holding that URL post-domain paths are unlikely to support trademark infringement claims. *See, e.g.*, *Instant One Media, Inc. v. EzFaux Decor, LLC*, No. 1:19-cv-00540-WMR, 2022 WL 4596641, at *2 (N.D. Ga. July 26, 2022) (vacating preliminary injunction in the face of "persuasive authority holding that words or phrases appearing in post-domain URLs do not constitute trademark infringement"); *Melwani v. Amazon.com, Inc.*, No. C21-1329RSM, 2022 WL 670919, at *4 (W.D. Wash. Mar. 7, 2022) ("The Court agrees that the URL merely shows how the website's data is organized and/or the search term entered by the consumer, and that this does not violate trademark law." (citing *Interactive Prods.*, 326 F.3d at 696-97)).

5

In response, plaintiff does not contest Funlingo's position that terms appearing in post-domain paths cannot constitute infringement, nor does it present any additional evidence of infringement. The question at this stage is not whether Funlingo is right that words in a URL's post-domain path cannot give rise to trademark infringement, and therefore I do not resolve that question here. Rather, the question is whether plaintiff has carried its burden to establish a likelihood that it will succeed on the merits, which requires more than a "mere possibility of success." *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762 (7th Cir. 2020) (citing *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008)).[3] Plaintiff's silence in the face of Funlingo's well-supported argument does not meet that burden, so the preliminary injunction is dissolved as to Funlingo. In light of this disposition, I need not consider Funlingo's unclean hands argument.

---

[3] While in most contexts the movant bears the burden of persuasion on a motion to vacate, I agree with courts in this district that place the burden on the party seeking to maintain a preliminary injunction where, like here, the injunction was "granted without a hearing or adversarial briefing." *Jiaxing Zichi Trade Co. v. Yang*, No. 21-cv-973, 2021 WL 4498654, at *3 n.3 (N.D. Ill. Aug. 19, 2021); *see also* 42 Am. Jur. 2d Injunctions § 291 ("[W]hen a temporary injunction is issued under circumstances resembling a temporary restraining order, the burden of proof may be on the party seeking the order.").

II.

Funlingo also seeks expedited discovery, consisting of plaintiff's production of the following:

1. All documents filed under seal in this case, or alternatively, an order directing the Court Clerk to unseal all documents previously filed under seal in this matter.

2. All documents that Amazon has produced to Plaintiff thus far in this case.

3. The "Schedule A" filed under seal as Exhibit 2 to the Complaint in the earlier case Hong Kong Yu'En E-Commerce v. USA 1ST Store, Case No. 1:24-cv-11029, with the docket number "Case: 1:24-cv-11029, Document #: 2-2."

Mot., ECF 47 at 15.

The first request appears to have been resolved when I granted Funlingo's separate unopposed motion for access to documents filed under seal, *see* ECF 49, 53, so it is denied as moot.

The second request is also denied. Funlingo argues that these documents might reveal that plaintiff does not have a valid trademark claim against it and that the documents might aid Funlingo's defense or possible counterclaims. But it presents no reason why, in light of dissolution of the preliminary injunction, it needs those documents immediately. Funlingo may obtain relevant documents in the regular course of discovery, which might include the documents requested here.

The basis for the third request--for the list of the defendants originally sued in a separate case in this district--

7

is Funlingo's suspicion that plaintiff has flouted Judge Daniel's order and threat of sanctions in *Hong Kong Yuen E-Commerce Co. v. USA 1St Store (Zando Exclusive Agency)*, No. 24-cv-11029 (N.D. Ill.) (the "Former Action"). In that case, like this one, plaintiff filed a "Schedule A" complaint, suing multiple defendants for infringing its "Modlily" trademark. Judge Daniel, skeptical that joinder was appropriate, ordered plaintiff to submit a supplemental memorandum "addressing the propriety of joinder" or alternatively to file an amended complaint alleging the basis for joinder. *See* Former Action, ECF 5. He further ordered a rule to show cause why plaintiff's unsupported allegations regarding defendants' joint action did not violate Federal Rule of Civil Procedure 11(b)(3). *Id.* Plaintiff opted to file an amended complaint in that case dropping all but one defendant, after which Judge Daniel discharged the rule to show cause.

    I agree that it would be troubling if, dissatisfied with Judge Daniel's order, plaintiff simply turned around and refiled against the same defendants before a different judge. Accordingly, Funlingo's request for expedited discovery is granted on this front: it may serve an interrogatory on plaintiff seeking the identities of all defendants named in the original complaint filed in the Former Action.

III.

For the foregoing reasons, Funlingo's motion to dissolve the preliminary injunction is granted. Its motion for expedited discovery is granted to the extent that it may serve an interrogatory on plaintiff for the identities of all defendants named in the original complaint in the Former Action. The motion for expedited discovery is otherwise denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: May 15, 2025